Argued and submitted September 14, 1992, affirmed May 19, 1993

Yvonne SMITH,
*Appellant,*

*v.*

STATE OF OREGON,
CHILDREN'S SERVICES DIVISION,
*Respondent.*

(9005-02827; CA A70721)

852 P2d 957

Timothy W. Grabe, Portland, argued the cause and filed the briefs for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Mary H. Williams, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

LEESON, J.

---

* Leeson, J., *vice* Buttler, J., retired.

### LEESON, J.

Plaintiff filed this personal injury action, claiming that a foster child in her care intentionally injured her jaw.[1] A jury awarded her $32,800 in economic damages and $10,000 in non-economic damages, and the court entered judgment on the verdict. Plaintiff appeals, asking that we reverse and remand for a new trial.

■　Plaintiff makes several assignments of error, only one of which merits discussion. She contends that the court erred in permitting defendant's medical expert to testify. The issue is whether ORCP 44D requires exclusion of the testimony of a party's medical expert if that party has failed to comply with ORCP 44B. We conclude that it does not.

Months before trial, the parties agreed that defendant's medical expert, Dr. Watson, would be allowed to examine plaintiff. On January 2, 1991, defense counsel wrote plaintiff's counsel: "Of course, I will furnish you with a report of the examination once I have one." Watson met with plaintiff on February 6, 1991. Because Watson is quadriplegic and cannot take his own notes, defendant arranged to have a court reporter transcribe Watson's questions and plaintiff's answers. On March 7, 1991, plaintiff's counsel wrote to defendant's counsel: "Finally, I formally request a copy of Dr. Watson's defense medical report, along with the transcript of Dr. Watson's deposition [*sic*] of [plaintiff]." Defendant gave plaintiff a copy of the transcript sometime before trial began on May 6, 1991.

Defendant told the jury in opening statement that the evidence would show that plaintiff's pain was caused in part by a preexisting jaw condition.[2] Three days into the trial, defendant called Watson as a witness. Plaintiff objected. She informed the court that defendant had not given her a medical report from Watson pursuant to their agreement. Citing ORCP 44D(2), she asked the court to exclude Watson's testimony. The following exchange took place:

---

[1] *See former* ORS 30.266 (*repealed by* Or Laws 1991, ch 756, § 5).

[2] Plaintiff contends that she first became aware of defendant's theory that part of her damages were caused by a preexisting medical condition during opening statement. We observe that Watson reached his conclusions largely on the basis of medical reports written by plaintiff's doctors prior to her injury.

"THE COURT:   Well, what was the agreement of the [parties]?

"[DEFENSE COUNSEL]:   I told him I'd give him anything I got from Dr. Watson.

"THE COURT:   Which is what you did?

"[DEFENSE COUNSEL]:   Yes, sir. And I — there is no subterfuge attempted here. In fact, what I did, because Dr. Watson's quadriplegic, can't take his own notes, Dr. Watson said you're going to have to provide me with a stenographer, I can't take my own notes. I said I'll get a court reporter, an independent party, so there's no question about the validity of what went on in the examination. And I provided [plaintiff's counsel] with a verbatim copy of it.

"[PLAINTIFF'S COUNSEL]:   I agree. My problem is I have not been provided with a copy of the report I have requested in which the key element is Dr. Watson's findings. Apparently his findings are that the jaw injury has existed for years before November. We've been unable to propose or to have [plaintiff's medical experts] prepare for that point at trial. That's the reason for the rule.

"\* \* \* \* \*

"THE COURT:   *I think there's substantial compliance.*" (Emphasis supplied).

The court allowed Watson to testify.

Plaintiff contends that the court "erred in failing to sustain the objection to Watson testifying." She claims that ORCP 44D(2) mandates a sanction for a party's noncompliance with ORCP 44B, and that the court was required to impose the sanction of excluding Watson's testimony.

ORCP 44B provides, in part:

"If requested by \* \* \* the person examined, the party causing the examination to be made shall deliver to the requesting person \* \* \* a copy of a *detailed report of the examining physician or psychologist setting out such physician's or psychologist's findings, including results of all tests made, diagnoses and conclusions* \* \* \*." (Emphasis supplied).

ORCP 44D(2) provides, in part:

> "If a party fails to comply with sections B. and C. of this rule, * * * the court *may* require the physician or psychologist to appear for a deposition or *may* exclude the physician's or psychologist's testimony if offered at the trial." (Emphasis supplied.)

The court's statement, "I think there's substantial compliance," taken in context, demonstrates that it concluded that the transcript of the meeting between Watson and plaintiff is a "detailed report" within the meaning of ORCP 44B. That conclusion was error. The transcript merely records Watson's questions and plaintiff's answers. It is not a detailed report, because it does not set out Watson's "findings, including results of all tests made, diagnoses and conclusions." ORCP 44B. Defendant failed to comply with the rule.

■ However, we reject plaintiff's argument that ORCP 44D(2) *requires* the court to impose a sanction if a party fails to comply with ORCP 44B. The rule provides that the court *may* require that the noncomplying party's medical expert submit to a deposition[3] or *may* exclude that medical expert's testimony if offered at trial. As we stated in *Barry v. Don Hall Laboratories*, 56 Or App 518, 642 P2d 685 (1982):

> "Under ORCP 44D(2), the court has *discretion* either to exclude the physician's testimony for failure to deliver a copy of the detailed report to the requesting party or to order that the physician be deposed." 56 Or App at 524-25. (Emphasis supplied.)

The decision about whether to impose a sanction in the event of noncompliance with ORCP 44B is left to the sound discretion of the trial court. In this case, the trial court erred in holding that the transcript of the meeting between plaintiff and Watson was a detailed report. Therefore, the court did not exercise its discretion under ORCP 44D(2).

■ Plaintiff, however, has not shown that she was prejudiced by the trial court's error. OEC 103(1). She learned no later than defendant's opening statement that defendant intended to argue that plaintiff's pain was caused in part by a preexisting jaw condition. Nevertheless, she waited until the

---

[3] Plaintiff did not ask the court to require Watson to appear for a deposition before he testified.

moment defendant's expert was about to take the stand, three days into the trial, before raising the issue of defendant's compliance with ORCP 44B. The medical reports that provided the basis for Watson's testimony were prepared by her own doctors and were available to her well before trial. She makes no showing that the lack of a report prejudiced her ability to cross-examine Watson. Finally, to assure that Watson's testimony would not unfairly prejudice her, the court ruled that plaintiff would be permitted to recall her own expert witnesses following Watson's testimony. The error does not require reversal.

Affirmed.